IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON

| | |
|---|---|
| GOLDEN EAGLE AG LABOR CONSULTING, LLC, JESUS ALBERTO GONZALES, and HERRING FARMS, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> MARK BUTLER, COMMISSIONER OF LABOR, STATE OF GEORGIA, in his individual capacity, CHRISTINA SMITH, DEPUTY COMMISSIONER AND CHIEF OF STAFF, STATE OF GEORGIA DEPARTMENT OF LABOR, in her individual capacity, and MARTIN J. WALSH, U.S. SECRETARY OF LABOR, <br><br> *Defendants.* | Civil Action <br><br> File No.: _____ |

**COMPLAINT FOR
<u>DECLARATORY AND INJUNCTIVE RELIEF</u>**

**INTRODUCTION**

There is no principle more central to the United States' justice system than the concept that everyone is entitled to procedural due process before governmental action is taken against them. This is the foundation for the Fifth Amendment to the U.S. CONSTITUTION, incorporated by the Fourteenth Amendment and applied to the

00481990

States. Indeed, this principle is reflected in the regulations pursuant to which the Georgia Department of Labor (GDOL) has illegally interrupted Plaintiffs' farm labor contracting activities by immediately terminating employment services to Plaintiffs without following its own regulations. The regulations require the State to give an employer notice that services will be terminated within 20 days unless they provide evidence of compliance or request a hearing. No law or regulation authorizes GDOL or the United States Department of Labor (USDOL) to terminate services "immediately." Yet that is precisely what Deputy Commissioner and Chief of Staff Christina Smith purported to do in her letter of June 30, 2022 to Plaintiffs.

Plaintiffs Jesus Alberto Gonzales is the manager and majority member of Golden Eagle Ag Labor Contracting, LLC. Golden Eagle is a farm labor contractor located in Lakeland, Georgia, in Lanier County. Farm labor contractors legally recruit, hire, and place nonimmigrant, alien agricultural workers under special visa programs administered by the USDOL, most commonly under a program known as "H-2A." Mr. Gonzales is a U.S. citizen duly licensed and certified to conduct that business, complies with all relevant laws and regulations, and has no history of violations. (See Exhibit A -- Declaration of Jesus Alberto Gonzales ("Gonzales Dec.").)

Plaintiff Herring Farms, Inc., is a commercial farmer in Lake Park, Georgia. He contracts with Golden Eagle for nonimmigrant foreign workers to meet his

seasonal labor needs, and was anticipating the arrival of workers from Golden Eagle on September 3, 2022 for the fall harvest.

But on June 30, 2022, Mr. Gonzales was advised by letter from the GDOL Deputy Commissioner and Chief of Staff, Christina Smith that "[a]ll Employment Services provided to Golden Eagle Ag Labor Contracting, LLC, Jesus Alberto Gonzales, and Herring Farms will be terminated immediately." (See Exhibit B - Letter of June 30, 2022(Gonzales dec., Attachment 6.)) Herring Farms did not receive any communication from GDOL, not even a copy of the letter, although they were identified in the letter as having services "terminated immediately."

GDOL stated that USDOL's Employment and Training Administration (ETA) had advised them on June 27, 2022, that Gonzales was being investigated by USDOL's Wage and Hour Division (WHD) and the Occupational Safety and Health Administration (OSHA). These investigations purportedly were triggered by a confidential complaint which included allegations of human trafficking, workers being threatened with bodily harm while attempting to leave the worksite, and workers who reported suffering from heat-related stress. WHD and OSHA at that time had commenced but not concluded their investigations. WHD made a site visit and identified a few minor housing issues which Plaintiff immediately corrected, and OSHA has asked them to produce some documentation. Both investigations commenced on Friday June 24, 2022, and are still ongoing as of the date of this

filing. Each organization submitted requests for information to Mr. Gonzales subsequent to GDOL's June 30th letter and neither has yet held a conference signaling the close of either investigation.

The GDOL letter dated June 30, 2022 and emailed to Plaintiffs Gonzales and Golden Eagle on July 1st advised Plaintiffs that they could request a hearing within 20 days of receiving the letter but that services were being "terminated immediately." On July 5, 2022, (one business days after receipt) an unsigned email from the Office of Foreign Labor Certification (OFLC), Employment Training Administration (ETA), USDOL advised Plaintiffs Gonzales and Golden Eagle that their job order had been denied. (Exhibit C – July 5, 2022, E-mail from OFLC (Gonzales dec., Attachment 5.)) OFLC took this action in contravention of its own regulations that explicitly require a Final Determination Letter and an expedited appeal before the denial is final, neither of which were done. See 20 C.F.R. § 655.164.

The summary denial of the H-2A petition is extremely prejudicial not only to Mr. Gonzales but also to Herring and other farmers Golden Eagle serves, whose livelihoods will be jeopardized if they are deprived of the seasonal labor resources upon which they depend to grow and harvest crops, not to mention the H-2A workers who depend on these jobs for their livelihood and are not permitted under the program to accept employment from other employers.

In presuming to "terminate[] immediately" Plaintiffs' farm labor contracting services and to deny Mr. Gonzales and Golden Eagle their H-2A petition summarily GDOL and USDOL have violated the U.S. CONSTITUTION, Georgia State Constitution, and explicit state and federal regulations that require due process. Those regulations provide explicitly that even in the most egregious of cases – which this emphatically is not – an employer is entitled to at least 20 days' notice prior to services being terminated, which extends further if the employer requests a hearing within that time. See 20 C.F.R. § 658.501(b).

As a result of the GDOL and USDOL's unlawful actions Plaintiffs file this Complaint for declaratory and injunctive relief pursuant to the U.S. CONSTITUTION, 42 U.S.C. § 1983 the Fifth and Fourteenth Amendment to the US CONSTUTION and Ga. Const. Art. 1 § 2 ¶ V to compel Defendants State of Georgia, the GDOL, GDOL Commissioner Mark Butler and Deputy Commissioner Christina Smith in their individual capacities, and U.S. Secretary of Labor Martin J. Welch to comply with their laws and regulations promulgated in accordance with these laws, enjoin further violations, enjoin Defendants from immediately terminating Plaintiffs' employment services, and require Defendants to follow their own regulations and grant Plaintiffs a hearing as required by law and regulations prior to terminating Plaintiffs' employment services. Defendants' failure to abode by their own laws and regulations violate the law and the rights of Plaintiffs and will not cease unless and

until the Court declares that Defendants have violated the law and enjoins Defendants from continued violations and mandates that Defendants comply with State and Federal law.

Plaintiff therefore asks the Court to (1) declare that the Defendants' actions violate U.S. and Georgia constitutional and statutory law, Federal constitutional law, statutes, and regulations; (2) enjoin Defendants Butler and Smith from terminating Plaintiffs employment services until they have provided Plaintiffs with a hearing and a determination by a hearing officer as to the allegations; (3) enjoin Defendant Secretary of Labor from issuing a final denial of Plaintiffs' H-2A petition until the Secretary has provided Plaintiffs with a Final Determination Letter and with a right to have an expedited hearing before a USDOL Administrative Law Judge (ALJ).

## PARTIES

1.

Plaintiff Jesus Alberto Gonzales is a citizen of the United States residing in Lakeland, Lanier County, Georgia.

2.

Plaintiff Golden Eagle Ag Labor Contracting, LLC. is an agricultural labor contracting business domiciled in Lanier County, Georgia.

3.

Plaintiff Herring Farms, Inc., is a commercial farm located at 6322 Bradford Road, Lake Park, Georgia.

4.

Defendants GDOL Commissioner Mark Butler, and Deputy Commissioner and Chief of Staff Christina Smith, in their individual capacities, may be served by providing a copy of the complaint and summons to the Attorney General of Georgia at 40 Capitol Square SW, Atlanta GA 30334, or by personal service.

5.

Defendant Martin J. Welch, U.S. Secretary of Labor may be served by providing a copy of the complaint and summons to Ryan K. Buchanan, United States Attorney for the Northern District of Georgia and by sending a copy by registered or certified mail to Merrick Garland, Attorney General of the United States and to Martin J. Walsh, U.S. Secretary of Labor.

## JURISDICTION

6.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

## VENUE

7.

Venue is proper in this Court pursuant to 29 U.S.C. §1391(e) in that Defendants Mark Butler and Christina Smith reside within the Northern District of

Georgia and a substantial part of the events giving rise to the claim occurred within the Northern District of Georgia.

## FACTS

8.

Plaintiff Jesus Alberto Gonzales is a licensed farm labor contractor (FLC) located in Lakeland, Lanier County, Georgia and is the manager and majority owner of Golden Eagle Ag Labor Contractors, LLC (Golden Eagle). Plaintiff Golden Eagle is a limited liability company doing business in Lanier County, Georgia. Neither Plaintiff nor Golden Eagle has any history of violations or debarment. (See Exhibit A, Declaration of Jesus Alberto Gonzales ("Gonzales dec.").) Plaintiff Herring Farms, Inc., is a commercial farm that contracts with Golden Eagle for seasonal agricultural labor.

9.

As a licensed farm labor contractor (FLC) Plaintiffs recruit, hire, and place nonimmigrant agricultural laborers pursuant to laws and regulations jointly administered by the U.S. Department of Labor (USDOL) and U.S. Customs and Immigration Services (USCIS).

10.

Plaintiffs have recruited nonimmigrant foreign laborers to meet the seasonal needs of Georgia farmers including but not limited to Plaintiff Herring Farms who

cannot find adequate domestic labor. Specifically, Plaintiffs sought approval under the H-2A program for workers to arrive and begin work on or about September 3, 2022. OFLC showed the status as "pending" and that the issuance of a NOD was being considered on June 30, 2022.

## WAGE AND HOUR/OSHA INVESTIGATIONS

11.

Upon information and belief, a person or persons unknown filed a confidential complaint with the Wage and Hour Division (WHD) and Occupational Safety and Health Administration (OSHA) that triggered investigations. Upon information and belief, the complaint included allegations of human trafficking, workers being threatened with bodily harm while attempting to leave the worksite, and workers who reported suffering from heat-related stress.

12.

On Friday June 24, 2022, USDOL Wage Hour Investigator (WHI) Carmen Rodriquez; Jeffrey J. Genkos, Director of Enforcement, Wage and Hour; and Chad Martin, Compliance Safety and Health Officer, Occupational Safety and Health Administration (OSHA) began an investigation of Golden Eagle by visiting the housing provided the workers. On June 25, 2022, they returned and visited the fields where they were working. They checked the availability of water in the field and said it looked good. Plaintiff Gonzales asked if it was okay to supply Gatorade and

they informed him that was okay as long it was clear which containers had water and which had Gatorade. (Gonzales dec.)

13.

On Saturday, June 25, 2022, Plaintiff Gonzales met with WHI Rodriquez who provided a document identifying a few minor issues with the housing such as not enough toilet paper, missing garbage can lids, and a leaking faucet. (See Exhibit D Handwritten notes of items to correct at housing (Gonzales dec., Attachment 2.)) She requested that those items be corrected by June 29, 2022 and said that someone would come back and check at that time. No other issues were identified as requiring attention.

14.

The items were corrected promptly and on July 1, 2022, a representative from Wage and Hour came by to check on the repairs and stated that the housing looked fine.

15.

As of June 27, 2022, WHD and OSHA had commenced but not concluded their investigations. Both investigations are still ongoing. On June 30, 2022, Golden Eagle received a letter from Wage and Hour requesting certain documents. (See Exhibit E Wage Hour document request letter (Gonzales dec., Attachment 3.)) Plaintiffs are in the process of collecting the requested documents for production.

Golden Eagle received an Administrative Subpoena from OSHA dated July 6, 2022, seeking the production of certain documents by July 19, 2022. (See Exhibit F OSHA Administrative Subpoena (Gonzales dec., Attachment 4.)) They are currently working to produce those documents as well.

16.

As of the date of this fling neither the WHD nor OSHA has conducted a closing conference signaling the conclusion of their investigations.

**GDOL LETTER SUMMARILY TERMINATING SERVICES**

17.

On Friday July 1, 2022, Plaintiffs Gonzales and Golden Eagle received an email attaching a letter dated June 30, 2022, from GDOL which advised them that "[a]ll Employment Services provided to Golden Eagle Ag Labor Contracting, LLC, Jesus Alberto Gonzales, and Herring Farms will be terminated immediately." (See Exhibit B, Letter of June 30, 2022.) Herring Farms did not receive any e-mail or other notice from GDOL advising them that services were being terminated immediately.

18.

GDOL stated that the USDOL Employment and Training Administration (ETA) had advised Plaintiffs on June 27, 2022, that Gonzales was being investigated by WHD and OSHA and that Plaintiffs had not met their assurances.

00481990

11

19.

The June 30, 2022, letter signed by GDOL Deputy Commissioner Smith advised Plaintiffs that they could request a hearing within 20 days of receiving the letter but that employment services were being "terminated immediately." Plaintiffs have requested a hearing.

20.

To Plaintiffs' knowledge, GDOL conducted no investigation, did not contact Golden Eagle or Gonzales or Herring for a response, and did not conduct a hearing on this matter prior to informing them that all services were being terminated immediately.

21.

The regulations implementing the H-2A visa program do not allow for immediate termination of services without notice and an opportunity to be heard. See 20 C.F.R. §§658.501 - 503.

22.

20 C.F.R. 658.501(c), cited in Deputy Commissioner Smith's June 30th letter, sets forth procedures for the discontinuation of services, which are spelled out in § 658.502.

23.

20 C.F.R. § 658.501(b) authorizes immediate termination only "if, in the judgment of the State Administrator, exhaustion of the administrative procedures set forth in this subpart in paragraphs (a)(1) through (7) of this section would cause substantial harm to a significant number of workers. In such instances, procedures at §§ 658.503 and 658.504 must be followed."

24.

Section 658.503 provides that "If the employer does not provide a satisfactory response in accordance with § 658.502, within 20 working days, or has not requested a hearing, the SWA must immediately terminate services to the employer." (Emphasis added.) Plaintiffs have requested a hearing.

### ETA SUMMARY DENIAL OF H2A APPLICATION

25.

On July 5, 2022, at 8:37 a.m., Plaintiffs Gonzales and Golden Eagle received an email from admin@cmp.dol.gov purportedly from OFLC but without a name of any person informing them that their Job Order JO-A-300-22181-325619 status had been changed from "pending" to "denied," without issuance of a Final Determination Letter and no opportunity for a response or hearing. (See Exhibit G Email for OFLC (Gonzales dec., Attachment 7.)) Plaintiff Gonzales reviewed the Job Order online and saw that the application had been denied without a Notice of Deficiency, a Final Determination Letter, or opportunity for a response or hearing.

OFLC did not provide Plaintiffs Gonzales Golden Eagle and with any notice of the right to have a hearing on this matter, nor did it provide the allegations against Plaintiffs, a Final Determination Letter, or the results of any investigation. To the best of Plaintiffs' knowledge, OFLC did not conduct any investigation, did not provide Plaintiffs with allegations or any opportunity to respond to the allegations, and did not conduct a hearing on this matter.

26.

Pursuant 20 C.F.R. § 655.164, when the Administrator of the Office of Farm Labor Contracting of USDOL (OFLC) denies an H-2A petition, it must send the employer a Final Determination letter that (1) states the reason(s) certification is denied; (2) offers the applicant an opportunity to request an expedited administrative review, or a de novo administrative hearing before an ALJ of the denial. The notice must state that in order to obtain such a review or hearing, the employer, within 7 calendar days of the date of the notice, must file by facsimile (fax), or other means normally assuring next day delivery, a written request to the Chief ALJ of DOL (giving the address) and simultaneously serve a copy on the CO; and (3) states that if the employer does not request an expedited administrative judicial review or a de novo hearing before an ALJ within the 7 calendar days, the denial is final and the Department will not further consider that Application for Temporary Employment

Certification. OFLC to date has not issued Plaintiffs a Final Determination Letter in accordance with *20* C.F.R. § 655.164.

27.

No statute or regulation provides for "immediate termination" of services by GDOL. Every applicable regulation requires the issuance of a notice and a statement of the grounds for revocation, and a reasonable period for the employer to respond or request a hearing. None of the Defendants followed their own regulations requiring due process to Plaintiffs.

**IRREPARABLE HARM**

28.

As a result of the denial of the application, Plaintiffs are no longer allowed to bring in the workers they had arranged to hire from Mexico on September 3, 2022. Plaintiff Herring Farms will be severely adversely affected by not having sufficient labor to harvest crops. Most of Golden Eagle's farmer clients have informed them that they are now obtaining the farm laborers they need from other companies. Some of their clients have informed them that if they can restore approved status by July 31, 2022, they will work with them.

29.

The interruption of labor supply during the busy fall harvest season is extremely prejudicial not only to Plaintiffs but also to other farmers they serve,

whose livelihoods will be jeopardized if they are deprived of labor resources upon which they depend to grow and harvest crops; and the nonimmigrant workers, who are counting on the wages they expect to earn.

## COUNT ONE

### VIOLATION OF FEDERAL DUE PROCESS CONSTITUTIONAL RIGHTS, PURSUANT TO 42 U.S.C. § 1983 AND THE FIFTH AND FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION BY DEFENDANTS BUTLER AND SMITH

30.

Plaintiffs expressly incorporate by reference and re-allege as if set forth fully herein the preceding allegations of this complaint and sets forth the following count.

31.

Plaintiffs have a right to request employment services from GDOL and by regulation those rights cannot be terminated without following the procedural due process and providing Plaintiffs a hearing before such actions may occur. Defendants Butler and Smith denied Plaintiffs the right to a hearing before terminating Plaintiffs rights to employment services from GDOL and deprived Plaintiffs of procedural due process of law, in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States CONSTITUTION.

32.

Plaintiffs also are entitled under 42 U.S.C. § 1983 to: (a) an injunction prohibiting the continued deprivation of their due process rights as well as an injunction compelling Defendants' issuance of notice and a hearing, and (b) declaratory relief declaring such failures a violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. CONSTITUTION.

## COUNT TWO

### VIOLATION OF FEDERAL DUE PROCESS CONSTITUTIONAL RIGHTS, PURSUANT TO 42 U.S.C. § 1983 AND THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION BY THE SECRETARY OF LABOR AS TO PLAINTIFFS GOLDEN EAGLE AND GONZALES

33.

Plaintiffs expressly incorporate by reference and re-allege as if set forth fully herein the preceding allegations of this complaint and set forth the following count.

34.

Plaintiffs Gonzales and Golden Eagle have a right to notice and an expeditated hearing before the Secretary of Labor may issue a Final Notice of denial of the H2A application in accordance with the Secretary's own regulations and procedural due process before being finally deprived of their property interest in the H-2A program.

35.

The Secretary has failed to provide Plaintiffs Gonzales and Golden Eagle with the opportunity to respond to the denial of the H-2A petition with an expediated appeal and with a Final Determination Letter in violation of federal regulations

conduct has denied the Plaintiffs their protected rights without due process of law, in violation 42 U.S.C. §1983 and of the Due Process guarantees of the United States CONSTITUTION.

36.

Plaintiffs also are entitled to declaratory relief and an injunction under 42 U.S.C. § 1983 prohibiting the continued deprivation of their due process rights as well as an injunction compelling Defendants' issuance of a Final Determination Letter and an opportunity to be heard.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the Court to provide the following relief:

A. Declaratory Judgment for Plaintiffs declaring that Defendants' conduct violates the law, as detailed in each Count listed above;

B. Expedited Preliminary and Permanent injunctions requiring that Defendants take the steps necessary to comply with the law, as detailed in each Count listed above;

C. Attorney's fees and costs for pursuing this Action; and

D. Such other relief as justice may require.

Respectfully submitted, this 19th day of July 2022.

/s/ J. Larry Stine

> J. Larry Stine
> Georgia Bar No.: 682555
> Elizabeth K. Dorminey
> Georgia Bar No.: 225935
> WIMBERLY, LAWSON, STECKEL,
>   SCHNEIDER & STINE, P.C.
> Suite 400, Lenox Towers
> 3400 Peachtree Road, N.E.
> Atlanta, Georgia 30326
> Phone: (404)365-0900
> Fax: (404)261-3707
> jls@wimlaw.com
> ekd@wimlaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(C) and 7.1(D), I certify that the foregoing pleading is typewritten using Times New Roman font, fourteen-point type.

DATED this 19th day of July 2022.

> /s/ J. Larry Stine
> J. Larry Stine
> Bar No. 682555

WIMBERLY, LAWSON, STECKEL,
SCHNEIDER & STINE, P.C.
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia 30326
Phone: (404)365-0900
Fax: (404) 261-3707
jls@wimlaw.com