IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON

| | |
|---|---|
| GOLDEN EAGLE AG LABOR CONSULTING, LLC, JESUS ALBERTO GONZALES, and HERRING FARMS, INC., <br><br>*Plaintiffs,* <br><br> v. <br><br> MARK BUTLER, COMMISSIONER OF LABOR, STATE OF GEORGIA, in his individual capacity, CHRISTINA SMITH, DEPUTY COMMISSIONER AND CHIEF OF STAFF, STATE OF GEORGIA DEPARTMENT OF LABOR, in her individual capacity, and MARTIN J. WALSH, U.S. SECRETARY OF LABOR, <br><br>*Defendants.* | Civil Action <br><br> File No.: 1:22-cv-2851-SDG |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR EXPEDIATED PRELIMINARY INJUNCTION**

**I. INTRODUCTION**

There is no **principle** more central to the United States' justice system than the concept that everyone is entitled to procedural due process before governmental action is taken against them. This is the foundation for the Fifth Amendment to the U.S. CONSTITUTION, incorporated by the Fourteenth Amendment and applied to the

00482694

States. Indeed, this principle is reflected in the regulations pursuant to which the Georgia Department of Labor (GDOL) has illegally interrupted Plaintiffs' farm labor contracting activities by immediately terminating its employment services to Plaintiffs without following its own regulations. The regulations require the State to give an employer notice that services will be terminated within 20 days unless they provide evidence of compliance or request a hearing. No law or regulation authorizes GDOL or the United States Department of Labor (USDOL) to terminate services "immediately." Yet that is precisely what Deputy Commissioner and Chief of Staff Christina Smith purported to do in her letter of June 30, 2022, to Plaintiffs.

Plaintiff Jesus Alberto Gonzales is the manager and majority member of Golden Eagle Ag Labor Contracting, LLC. Plaintiff Golden Eagle is a farm labor contractor located in Lakeland, Georgia, in Lanier County. Plaintiff Herring Farms, Inc., is a commercial farm in Lake Park, Georgia who has engaged Golden Eagle to fulfill seasonal agricultural labor requirements that cannot be met with local supply. Farm labor contractors legally recruit, hire, and place nonimmigrant, alien agricultural workers under special visa programs administered by the USDOL, most commonly under a program known as "H-2A." Mr. Gonzales is a U.S. citizen duly licensed and certified to conduct that business, complies with all relevant laws and regulations, and has no history of violations. (See Exhibit A -- Declaration of Jesus Alberto Gonzales ("Gonzales Dec.").)

But on June 30, 2022, Mr. Gonzales was advised by letter from the GDOL Deputy Commissioner and Chief of Staff, Christina Smith that "[a]ll Employment Services provided to Golden Eagle Ag Labor Contracting, LLC, Jesus Alberto Gonzales, and Herring Farms will be terminated immediately." (See Exhibit B - Letter of June 30, 2022.) Herring did not receive, and as of the date of this filing has not received, any notice or correspondence from GDOL despite being named in the letter. GDOL stated that USDOL's Employment and Training Administration (ETA) had advised them on June 27, 2022, that Gonzales was being investigated by USDOL's Wage and Hour Division (WHD) and the Occupational Safety and Health Administration (OSHA). These investigations purportedly were triggered by a confidential complaint which included allegations of human trafficking, workers being threatened with bodily harm while attempting to leave the worksite, and workers who reported suffering from heat-related stress. WHD and OSHA at that time had commenced but not concluded their investigations. WHD made a site visit and identified a few minor housing issues which Plaintiff immediately corrected, and OSHA has asked them to produce some documentation. Both investigations commenced on Friday June 24, 2022, and are still ongoing as of the date of this filing. Each organization submitted requests for information to Mr. Gonzales subsequent to GDOL's June 30th letter and neither has yet held a conference signaling the close of either investigation.

The GDOL letter dated June 30, 2022 (Exhibit B) and emailed to Plaintiffs Gonzales and Golden Eagle on July 1st (Exhibit C) advised them that they **could** request a hearing within 20 days of receiving the letter but that services were being "terminated immediately." On July 5, 2022, (one business days after receipt) an unsigned email from the Office of Foreign Labor Certification (OFLC), Employment Training Administration (ETA), USDOL advised Plaintiffs Gonzales and Golden Eagle that their job order had been denied. (Exhibit G – July 5, 2022, E-mail from OFLC.) OFLC took this action in contravention of its own regulations that explicitly require a Final Determination Letter and an expedited appeal, neither of which were done. See 20 C.F.R. § 655.164.

The summary denial of the H-2A petition is extremely prejudicial not only to Mr. Gonzales but also to the farmers Golden Eagle serves, including but not limited to Herring Farms, whose livelihoods will be jeopardized if they are deprived of the seasonal labor resources upon which they depend to grow and harvest crops, not to mention the H-2A workers who depend on these jobs for their livelihood and are not permitted under the program to accept employment from other employers.

In presuming to "terminate[] immediately" Mr. Gonzales's farm labor contracting business and to deny the H-2A petition summarily GDOL and USDOL have violated the U.S. CONSTITUTION, Georgia State Constitution, and explicit state and federal regulations that require due process. Those regulations provide explicitly

that even in the most egregious of cases – which this emphatically is not – an employer is entitled to at least 20 days' notice prior to services being terminated, which extends further if the employer requests a hearing within that time. See 20 C.F.R. § 658.501(b).

As a result of the GDOL and USDOL's unlawful actions Plaintiffs filed a Complaint for declaratory and injunctive relief pursuant to the U.S. CONSTITUTION, 42 U.S.C. § 1983 the Fifth and Fourteenth Amendment to the US CONSTUTION and Ga. Const. Art. 1 § 2 ¶ V to compel Defendants State of Georgia, the GDOL, GDOL Commissioner Mark Butler and Deputy Commissioner Christina Smith in their individual capacities, and U.S. Secretary of Labor Martin J. Welch to comply with their laws and regulations promulgated in accordance with these laws, enjoin further violations, enjoin Defendants from immediately terminating Plaintiffs' employment services, and require Defendants to follow their own regulations and grant Plaintiffs a hearing as required by law and regulations prior to terminating Plaintiffs' employment services. Defendants' failure to abode by their own laws and regulations violate the law and the rights of Plaintiffs and will not cease unless and until the Court declares that Defendants have violated the law and enjoins Defendants from continued violations and mandates that Defendants comply with State and Federal law.

Plaintiffs therefore ask the Court to (1) declare that the Defendants' actions violate U.S. and Georgia constitutional and statutory law, Federal constitutional law, statutes, and regulations; (2) enjoin Defendants Butler and Smith from terminating Plaintiffs employment services until they have provided Plaintiffs with a hearing and a determination by a hearing officer as to the allegations; (3) enjoin Defendant Secretary of Labor from issuing a final denial of Plaintiffs' H-2A petition until the Secretary has provided Plaintiffs with a Final Determination Letter and with a right to have an expediated hearing before a USDOL Administrative Law Judge (ALJ).

## II. BACKGROUND AND STATEMENT OF FACTS

**A.    Parties.**

Plaintiff Jesus Alberto Gonzales is a licensed farm labor contractor (FLC) located in Lakeland, Lanier County, Georgia and is the manager and majority owner of Plaintiff Golden Eagle Ag Labor Contractors, LLC (Golden Eagle). Neither Gonzales nor Golden Eagle has any history of violations or debarment. (See Declaration of Jesus Alberto Gonzales ("Gonzales dec.").) Plaintiff Herring Farms, Inc., is a commercial farm in Lake Park, Georgia.

As a licensed farm labor contractor (FLC) Plaintiffs Gonzales and Golden Eagle recruit, hire, and place nonimmigrant agricultural laborers pursuant to laws and regulations jointly administered by the U.S. Department of Labor (USDOL) and U.S. Customs and Immigration Services (USCIS). Plaintiffs Gonzales and Golden

Eagle have recruited nonimmigrant foreign laborers to meet the seasonal needs of Georgia farmers like Herring who cannot find adequate domestic labor.

1. **H-2A Application.**

On June 30, 2022, Plaintiffs Gonzales and Golden Eagle applied for approval under the H-2A program for workers to arrive and begin work on or about September 3, 2022. These workers were destined for jobs at Herring Farms. On June 30, 2022, OFLC showed the status as "pending" and that the issuance of a NOD was being considered.

B. **Wage and Hour and OSHA Investigations.**

It appears that sometime in June 2022 a person or persons unknown filed a confidential complaint against Plaintiffs with the Wage and Hour Division (WHD) and Occupational Safety and Health Administration (OSHA) that triggered investigations. The complaint apparently made allegations of human trafficking, workers being threatened with bodily harm while attempting to leave the worksite, and workers who reported suffering from heat-related stress.

On Friday June 24, 2022, Carmen Rodriquez, a USDOL Wage Hour Investigator (WHI); Jeffrey J. Genkos, the Director of Enforcement, Wage and Hour; and Chad Martin, Compliance Safety and Health Officer, Occupational Safety and Health Administration (OSHA) began an investigation of Golden Eagle by visiting the housing provided the workers. The following day, June 25, 2022, they returned

and visited the fields where the workers were working. They also checked the availability of water in the field and told Mr. Gonzales it looked good. Mr. Gonzales asked if it was okay to supply the workers Gatorade and the investigators told him that was okay as long it was clear which vessels contained water and which contained Gatorade. (Gonzales dec.)

On Saturday, June 25, 2022, Plaintiff Gonzales met with WHI Rodriquez who provided a document identifying a few minor issues with the housing such as not enough toilet paper, missing garbage can lid, and a leaking faucet. (See Exhibit D.) She requested that those items be corrected by June 29, 2022, and said that someone would come back and check at that time. No other issues were identified as requiring attention. The items were corrected promptly and on July 1, 2022, a representative from Wage and Hour came by to check on the repairs and told Mr. Gonzales that the housing looked fine.

WHD and OSHA had commenced but not concluded their investigations. Both investigations are still ongoing as of this filing. On June 30, 2022, Golden Eagle received a letter from Wage and Hour requesting certain documents. (See Exhibit E.) Plaintiffs are in the process of collecting the requested documents for production. Golden Eagle received an Administrative Subpoena from OSHA dated July 6, 2022, seeking the production of certain documents by July 19, 2022. (See Exhibit F.) They are currently working to produce those documents as well. As of the date of this fling

00482694

8

neither the WHD nor OSHA has conducted a closing conference signaling the conclusion of their investigations.

C.  **GDOL Letter Summarily Terminating Services.**

On Friday July 1, 2022, Plaintiffs Gonzales and Golden Eagle received an email attaching a letter dated June 30, 2022, from GDOL which advised them that "[a]ll Employment Services provided to Golden Eagle Ag Labor Contracting, LLC, Jesus Alberto Gonzales, and Herring Farms will be terminated immediately." (See Exhibit B.) Herring Farms did not receive any correspondence from GDOL despite being named in the letter. GDOL stated that the USDOL Employment and Training Administration (ETA) had advised them on June 27, 2022, that Gonzales/Golden Eagle was being investigated by WHD and OSHA and that they had not met their assurances.

The June 30, 2022, letter was signed by GDOL Deputy Commissioner Smith and advised Plaintiffs Gonzales and Golden Eagle that they could request a hearing within 20 days of receiving the letter but that employment services were being "terminated immediately." Plaintiffs have requested a hearing. To Plaintiffs' knowledge, GDOL conducted no investigation, did not contact Plaintiffs for a response, did not send a notice to Plaintiff Herring Farms and did not conduct a hearing on this matter prior to informing them that all services were being terminated immediately.

D. **ETA Summary Denial of H-2A Application.**

On July 5, 2022, at 8:37 a.m., Plaintiffs received an email from admin@cmp.dol.gov purportedly from OFLC but without a name of any person informing Plaintiffs that Plaintiffs' Job Order JO-A-300-22181-325619 status had been changed from "pending" to "denied," without issuance of a Final Determination Letter and no opportunity for a response or hearing. (See Exhibit G.) Plaintiffs reviewed the Job Order online and saw that the application had been denied without a Notice of Deficiency, a Final Determination Letter, or opportunity for a response or hearing. OFLC did not provide Plaintiffs with any notice of the right to have a hearing on this matter, nor did it provide the allegations against Plaintiffs, a Final Determination Letter, or the results of any investigation. To the best of Plaintiffs' knowledge, OFLC did not conduct any investigation, did not provide Plaintiffs with allegations or any opportunity to respond to the allegations, and did not conduct a hearing on this matter.

E. **Irreparable Harm.**

As a result of the revocation of the approval, Plaintiffs Gonzales and Golden Eagle are no longer allowed to bring in the workers they had arranged to hire from Mexico on September 3, 2022, for work at Herring Farms. Most of their farmer clients have informed them that they are now obtaining the farm laborers they need

from other companies. Some of their clients have informed them that if they can restore approved status by July 31, 2022, they will work with them.

The interruption of labor supply during the busy fall harvest season is extremely prejudicial not only to Plaintiffs but also to the farmers like Herring whom they serve, whose livelihoods will be jeopardized if they are deprived of labor resources upon which they depend to grow and harvest crops; and the nonimmigrant workers, who are counting on the wages they expect to earn.

### III.  LEGAL STANDARD

Plaintiffs seek a preliminary injunction under Fed. R. Civ. P. 65(a) to "preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

### IV.  ARGUMENT

A.  **Plaintiffs are likely to succeed on the merits.**

The summary termination of services by GDOL and ETA are illegal for multiple, independent reasons, any one of which makes the Plaintiffs "likely to succeed on the merits." *Winter*, 555 U.S. at 20. Specifically, the regulations

implementing the H-2A visa program do not allow for immediate termination of services without notice and an opportunity to be heard. See 20 C.F.R. §§658.50 - 503.

1. **Regulations Applicable to GDOL Require Notice and Hearing**.

20 C.F.R. 658.501(c), cited in Deputy Commissioner Smith's June 30th letter, sets forth procedures for the discontinuation of services, which are spelled out in § 658.502. 20 C.F.R. § 658.501(b) authorizes immediate termination only "if, in the judgment of the State Administrator, exhaustion of the administrative procedures set forth in this subpart in paragraphs (a)(1) through (7) of this section would cause substantial harm to a significant number of workers. In such instances, procedures at §§ 658.503 and 658.504 must be followed." Section 658.503 provides that "If the employer does not provide a satisfactory response in accordance with § 658.502, within 20 working days, or has not requested a hearing, the SWA must immediately terminate services to the employer." (Emphasis added.) It is manifest that GDOL was not in compliance with these regulations when it notified Plaintiffs Gonzales and Golden Eagle that services were being "terminated immediately" and offered only an *ex post facto* opportunity to request a hearing. Of course, GDOL's utter failure to send any notice to Herring Farms despite having included them in the body of the letter constitutes a failure of due process.

    **2.**    **ETA Regulations Require Notice and Hearing.**

Pursuant 20 C.F.R. § 655.164, when the Administrator of the Office of Farm Labor Contracting of USDOL (OFLC) denies an H-2A petition, it must send the employer a Final Determination letter that (1) states the reason(s) certification is denied; (2) offers the applicant an opportunity to request an expedited administrative review, or a de novo administrative hearing before an ALJ of the denial. The notice must state that in order to obtain such a review or hearing, the employer, within 7 calendar days of the date of the notice, must file by facsimile (fax), or other means normally assuring next day delivery, a written request to the Chief ALJ of DOL (giving the address) and simultaneously serve a copy on the CO; and (3) states that if the employer does not request an expedited administrative judicial review or a de novo hearing before an ALJ within the 7 calendar days, the denial is final and the Department will not further consider that Application for Temporary Employment Certification. OFLC to date has not issued Plaintiffs a Final Determination Letter in accordance with *20* C.F.R. § 655.164.

No statute or regulation provides for "immediate termination" of services by either GDOL or ETA. Every applicable regulation requires the issuance of a notice and a statement of the grounds for the action taken, and a reasonable period for the employer to respond or request a hearing. None of the Defendants followed their own regulations requiring due process to Plaintiffs.

B. **GDOL and USDOL Acted Arbitrarily and Capriciously When They Failed to Follow Their Own Regulations.**

An agency acts arbitrarily and capriciously when it overlooks an important aspect of a relevant problem, offers an explanation counter to the evidence, ignores controlling regulations and authority or reaches an "implausible" decision. *Motor Vehicle Mfrs. v. State Farm*, 463 U.S. 29, 43 (1983). The regulations cited above make it plain that there is no scenario in which the relevant H-2A, SWA, and ETA regulations condone immediate termination of services: even in the most egregious of situations where the agency considers that there are significant health or safety risks the regulations provide notice and an opportunity to be heard. Defendants here have acted in an arbitrary and capricious manner in ignoring their own regulations and issuing Plaintiffs the June 30 letter and subsequent anonymous OFLC e-mail.

C. **Plaintiffs Will Suffer Substantial and Irreparable Harm Absent Preliminary Relief.**

The second prong in the preliminary injunction analysis is whether injunctive relief is required due to "a substantial likelihood of irreparable injury." *Siegel v. LePore*, 234 F.3d 1163, 1179 (11th Cir. 2000). Absent an injunction, Plaintiffs will be denied their livelihoods; their farmer clients, including Plaintiff Herring, will be deprived seasonal agricultural laborers necessary to harvest crops, and the H-2A workers will be denied jobs they rely on to support themselves and their families. These constitute irreparable harm. *See Thunder Basin Coal Co. v. Reich*, 510 U.S.

200, 220–21 (1994) (Scalia, J., concurring) ("[A] regulation later held invalid almost *always* produces the irreparable harm of nonrecoverable compliance costs."); *Odebrecht Constr., Inc. v. Sec'y, Fla. Dep't of Transp.*, 715 F.3d 1268, 1289 (11th Cir. 2013) ("[N]umerous courts have held that the inability to recover monetary damages . . . renders the harm suffered irreparable."); *Georgia v. United States*, 398 F. Supp. 3d 1330, 1344 (S.D. Ga. 2019) (Plaintiffs "experience irreparable harm in the loss of the contract. . ., the loss of employees,. . . [etc.]."); *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004) (classifying the loss of good will as irreparable harm); *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1344 (Fed. Cir. 2013) (recognizing that irreparable injury may include "different types of losses that are often difficult to quantify, including lost sales and erosion in reputation and brand distinction"). These irreparable harms are imminent because Plaintiffs are due to have workers arriving on September 3, 2022, and their farmer customers have indicated that if they cannot resolve the issue by the end of July 2022, they will have to make other arrangements; however Herring Farms has no such options since its employment services have been terminated by GDOL.

D.  **The Balance of Equities and Public Interest Favors Granting Preliminary Relief.**

The balance of the equities and public interest factors also weigh in favor of granting Plaintiffs motion. When the government is the opposing party, these two factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009); *Scott v. Roberts*, 612

F.3d 1279, 1290 (11th Cir. 2010). Defendants have no lawful interest in acting in dereliction of their duties as prescribed in their own regulations. *See Odebrecht Const., Inc*, 715 F.3d at 1290. That is especially true because individual freedoms and liberties are at stake. An injunction would serve the interest of the public because it holds Government agencies to the same Constitutional standards that apply to everyone else. Absent an injunction these agencies will be emboldened to ride roughshod over applicants' rights and flout their own regulations drafted to preserve the rights to notice and a hearing. If an injunction is issued Defendants, on the other hand, would simply have to return to the *status quo ante* rather than taking any affirmative act. *See United States v. Lambert*, 695 F.2d 536, 540 (11th Cir. 1983) ("Preservation of the status quo enables the court to render a meaningful decision on the merits."). The hearing Plaintiffs request is no more or less than what Defendants' own regulations require them to conduct.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court to set an expedited hearing and preliminarily enjoin Defendants from denying Plaintiffs the basic due process rights guaranteed by the U.S. CONSTITUTION and required by the applicable regulations. Plaintiffs have a right to request employment services from GDOL and by regulation those rights cannot be terminated without following the procedural due process and providing Plaintiffs a hearing before such actions may

occur. GDOL and Defendants Butler and Smith denied Plaintiffs the right to a hearing before terminating Plaintiffs rights to employment services and deprived Plaintiffs of procedural due process of law, in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment of the U. S. CONSTITUTION.

Plaintiffs also are entitled under 42 U.S.C. § 1983 to: (a) an injunction prohibiting the continued deprivation of their due process rights as well as an injunction compelling Defendants' issuance of notice and a hearing, and (b) declaratory relief declaring such failures a violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. CONSTITUTION.

Plaintiffs Gonzales and Golden Eagle also have a right to notice and an expedited hearing before the U.S. Secretary of Labor may issue a Final Notice of denial of the H2A application in accordance with the Secretary's own regulations and procedural due process before being finally deprived of their property interest in the H-2A program. The Secretary has failed to provide Plaintiffs with the opportunity to respond to the denial of the H-2A petition with an expediated appeal and with a Final Determination Letter in violation of federal regulations conduct has denied the Plaintiffs their protected rights without due process of law, in violation 42 U.S.C. §1983 and of the Due Process guarantees of the U. S. CONSTITUTION.

Plaintiffs also are entitled to declaratory relief and an injunction under 42 U.S.C. § 1983 prohibiting the continued deprivation of their due process rights as

well as an injunction compelling Defendants' issuance of a Final Determination Letter and an opportunity to be heard.

Plaintiffs therefore pray that their Motion be granted and that the Court enter an order to show cause why Defendants should not be enjoined from their illegal activities and compelled to comply with applicable regulations requiring notice and a hearing before services are terminated.

Respectfully submitted, this 20th day of July 2022.

/s/J. Larry Stine
J. Larry Stine
Georgia Bar No.: 682555
Elizabeth K. Dorminey
Georgia Bar No.: 225935
WIMBERLY, LAWSON, STECKEL,
 SCHNEIDER & STINE, P.C.
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia 30326
Phone: (404)365-0900
Fax: (404)261-3707
jls@wimlaw.com
ekd@wimlaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(C) and 7.1(D), I certify that the foregoing pleading is typewritten using Times New Roman font, fourteen-point type.

DATED this 20th day of July 2022.

                                                  */s/ J. Larry Stine*
                                                  J. Larry Stine
                                                  Bar No. 682555

WIMBERLY, LAWSON, STECKEL,
SCHNEIDER & STINE, P.C.
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia 30326
Phone: (404)365-0900
Fax: (404) 261-3707
jls@wimlaw.com

00482694