# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON

GOLDEN EAGLE AG LABOR )
CONSULTING, LLC, JESUS )
ALBERTO GONZALES, and )
HERRING FARMS, INC., )
)
     *Plaintiffs,* )
)
v. )
)
MARK BUTLER, COMMISSIONER )  Civil Action
OF LABOR, STATE OF GEORGIA, )
in his individual capacity, )
CHRISTINA SMITH, DEPUTY )  File No.: _____
COMMISSIONER AND CHIEF OF )
STAFF, STATE OF GEORGIA )
DEPARTMENT OF LABOR, in her )
individual capacity, and )
MARTIN J. WALSH, U.S. )
SECRETARY OF LABOR, )
)
     *Defendants.* )
)
)
)
)
_____ )

## DECLARATION OF JESUS ALBERTO GONZALES

    I, Jesus Alberto Gonzales, declare under penalty of perjury the following for

use in the above-captioned action and any other use recognized by law:

00482374

1.    I am a citizen of the United States and resident of Lakeland, Lanier County, Georgia. I am over the age of 18 years and under no disability and make the following declaration under penalty of perjury based on my personal knowledge.

2.    I am the manager and member of Golden Eagle Ag Labor Contracting, LLC (Golden Eagle). I own 60% of the company.

3.    Golden Eagle has been providing agricultural labor services to farmers in Georgia since 2019. In order to provide those services, Golden Eagle has obtained nonimmigrant workers from Mexico and other countries legally authorized to work in the United States by use of H-2A visa program administered by the U.S. Department of Labor (USDOL) Employment and Training Administration (ETA).

4.    In 2021 we received a notice of deficiency in connection with an application which was promptly corrected but otherwise no application for H-2A workers has ever been denied. The company has no history of violations or any investigations until June 24, 2022.

5.    On June 30, 2022, Golden Eagle applied for H2A workers to arrive on September 3, 2022, and on July 1, 2022, was notified that OFLC was going to send a Notice of Deficiency (NOD) (see Attachment 1). I have never received a NOD from OFLC.

00482374

6.     Golden Eagle has contracts with a number of farms to bring in H-2A workers to perform various agricultural services contingent on approval of the workers.

7.     On Friday June 24, 2022, Wage Hour Investigator, Carmen Rodriquez, Wage and Hour Division, DOL; Jeffrey J. Genkos, Director of Enforcement, Wage and Hour; and Chad Martin, Compliance Safety and Health Officer, Occupational Safety and Health Administration (OSHA) began an investigation by visiting the housing provided to the workers. The next day, June 25, 2022, they returned and visited the fields where the workers were working. They also checked the availability of water in the field and said it looked good. I asked if it was okay to supply Gatorade and they informed me that was okay as long it was clear which containers had water and which had Gatorade.

8.     On Saturday, June 25, 2022, I meet with WHI Rodriquez and Director Genkos who provided me with a list of issues with the housing such as not enough toilet paper, missing garbage can lids, and a leaking faucet. (See Attachment 2.) They requested that those items be corrected by June 29, 2022 and said that someone would come back and check at that time. No other issues were brought to my attention.

3

9.     We corrected those items immediately and on July 1, 2022, someone from Wage and Hour came by to check on the repairs and stated that the housing looked fine.

10.     On June 30, 2022, I received a letter from Wage and Hour requesting certain documents. (See Attachment 3.) We are currently working to produce those documents at the time of signing of this Declaration.

11.     I received an Administrative Subpoena from OSHA dated July 6, 2022, seeking the production of certain documents by July 19, 2022. (See Attachment 4.) We are currently working to produce those documents at the time of signing of this Declaration.

12.     Neither Wage and Hour nor OSHA have conducted a closing conference with us at the time of signing of this Declaration.

13.     On Friday, July 1, 2022, I received an email from Michael Broner. (See Attachment 5.) Attached to the e-mail was a letter from the Georgia Department of Labor (GDOL) dated June 30, 2022. (See Attachment 6.) The June 30 GDOL letter informed us that "All Employment Services provided to Golden Eagle Ag Labor Contracting, LLC, Jesus Alberto Gonzales, and Herring Farms will be terminated immediately." To the best of my knowledge and belief GDOL conducted no investigation, did not contact us for our response to the allegations, and did not

conduct a hearing on this matter prior to informing us that all services were being terminated immediately.

14.     On the next business day, July 5, 2022, at 8:37 a.m., I received an email from admin@cmp.dol.gov purportedly from OFLC but without a name of any person informing us that our Job Order JO-A-300-22181-325619 had been changed from NOD to be sent to denied status. (See Attachment 7.) I reviewed the Job Order online and saw that it had been denied. OFLC did not provide us with a Final Determination Letter, any notice of the right to have a hearing on this matter, nor did it provide us with the allegations against us, a Notice of Deficiency, or the results of any investigation. To the best of my knowledge, OFLC did not conduct any investigation, did not provide us with allegations or any opportunity to respond to the allegations and did not conduct a hearing on this matter.

15.     As a result of the denial of the approval, we are no longer allowed to bring in the workers we had arranged to hire from Mexico on September 3, 2022. Most of our farmer clients have informed us that they are now obtaining the farm laborers they need from other companies. Some of our clients have informed us that if we can restore the status by July 31, 2022, they will work with us and we hope we can supply them with farm laborers if the denial is rescinded and approval restored.

16.     On July 14, 2022 I received a medical access order from OSHA, indicating to me that OSHA's investigation is still ongoing. (Attachment 8.)

00482374                                    5

FURTHER DECLARANT SAYETH NOT.

This 18 day of July 2022.

_____
Jesus Alberto Gonzales

6

# ATTACHMENT 1

**From:** admin@cmp.dol.gov <admin@cmp.dol.gov> on behalf of Foreign Labor Application Gateway
<flag@dol.gov>
**Sent:** Friday, July 1, 2022 8:31:33 AM
**Subject:** Job Order JO-A-300-22181-325619 NOD Issued

Subject: Job Order JO-A-300-22181-325619 NOD Issued

Dear Employer/Atty/Agent,

Your Job Order JO-A-300-22181-325619 has been updated to the NOD Issued SWA Decision status. You
can access your job order from the Cases table in FLAG.

Sincerely,

OFLC

# ATTACHMENT 2

Barracks #1
✓ 11 Mattresses
✓ Clothes lines
  Standing grey water / grade issue

Barracks #2
✓ tops for garbage in kitchen (garbage lids)
  Missing toilet paper
  2nd room: Shower light ✓
           hot water heater issue

Barrack #3
  1st room: No light in bathroom ✓
           ✗ sink pipes in bathroom not connected
           ✓ toilet issue (no handle to flush)
           ✗ refrigerator not working properly
                (not cold enough)
           ✓ smoke alarm not functioning
           ✓ no garbage lid in kitchen
  2nd room: no garbage lid in kitchen
           ✓ smoke alarm issue
           missing toilet paper
  Standing grey water / grade issue

Barrack #4
  1st room: no garbage lid in kitchen ✓
           no fire alarm
  Middle kitchen: kitchen sink broke
  Standing grey water / grade issue
  2nd room: broken drain pipe in kitchen;
           using bucket

Insufficient tiolet paper
○ fire extinguisher

Barrack #5
   Room 1 : Kitchen sink pipes
        stove vent leaks when rains
    *  insufficient tiolet paper
    ○  fire extinguisher
   Room 2: no garbage lid in kitchen ✓
       insufficient tiolet paper
    ○ fire extinguisher

Barrack #6
   Room 1 : insufficient tiolet paper
     ○ fire extinguisher
   Room 2: no hot water in bathroom sinks
     ○ fire extinguisher

* fire extinguisher /smoke alarm issue
* tiolet paper
* garbage lid(s)

# ATTACHMENT 3

**U.S. Department of Labor**
**Wage & Hour Division**

**Orlando District Office**
**1001 Executive Center Drive**
**Suite 103**
**Orlando, FL 32803-3520**



WAGE AND HOUR DIVISION

---

Carmen Rodriguez
(813) 732-3736
Rodriguez.carmen.d@dol.gov

---

June 30, 2022

Golden Eagle Ag Labor Contracting
Attn: Jesus Gonzales
199 Mud Creek Road
Lakeland, GA 31635

Sent via Email: gelabor@outlook.com

Investigation Period: March 2021 to present

RE: Records Request

Dear Mr. Gonzalez:

The Wage and Hour Division (WHD) of the U.S. Department of Labor is responsible for administering and enforcing a number of federal labor laws, including the Fair Labor Standard Act (FLSA), the Family Medical Leave Act (FMLA), the Migrant and Seasonal Agricultural Worker Protection Act (MSPA) &/or Temporary Agricultural Employment of H2A workers.

Authority for this investigation is contained in Section 211(a) of the FLSA.  Section 211(a) states, "The Secretary of Labor or his designated representative may investigate and gather data regarding the wages, hours and other conditions and practices of employment in any industry subject to this Act, and may enter and inspect such places and such records and make such facts, conditions, practices or matter he may deem necessary or appropriate to determine whether any person has violated any provision of this Act, or which may aid in the enforcement of the provisions of this Act…"

Section 512(a) of the MSPA gives the Department the same investigative authority as provided under section 211(a) of the Fair Labor Standards Act (FLSA).

An investigation of your business has been scheduled to determine the application and compliance of the provisions of each applicable act noted above.  The normal procedure is to hold an opening conference with a representative of the company, check certain records for the investigative period, interview a representative number of employees, and hold a closing conference to discuss the results of the investigation.

You will need to provide electronic documents directly to me at rodriguez.carmen.d@dol.gov.

Please provide the following documents:

1.  ETA 9142 (all pages)

2. ETA 790 (all pages for this season and last season)
3. I-129
4. Recruitment reports
5. Inbound transportation and re-imbursement documentation (list of all workers with their individual expenses)
6. Last season's outbound documentation (list of all workers with the amount they each received)
7. Surety Bond
8. ¾ guarantee report for last season
9. Abandonment reports (this season's and last season's)
10. Time and payroll records for the investigative period (the beginning of the season to present)
11. List of this season's worker's including their permanent home addresses (home country address)
12. Copy of FLC/FLCE cards (yours and any other worker who is required to have one)
13. Bus Drivers licenses and medical certificates
14. Proof of vehicle insurance
15. Proof of Worker's Comp. insurance
16. Copy of a pay stub
17. Copy of the working conditions (disclosure)
18. Copies of the housing certificates and housing conditions
19. Gross sales for the past three years (copy of the first page of the tax return for 2021, 2020, and 2019)
20. List of clients/suppliers (where do the goods go to; who are they sold to; who do you buy them from)

This request is pursuant to the authority contained in Section 211(a) and (c) of the FLSA and in Part 516 of the Code of Federal Regulations (CFR).

Every effort will be made to conduct this investigation expeditiously and with a minimum of inconvenience to you and your employees.  However, please note that the above is not intended to be an exhaustive or final list of records to be examined, additional records and documents may be requested as needed.

Please feel free to contact me at 813-732-3736.

Sincerely,

*Carmen Rodríguez*
Wage and Hour Investigator

# ATTACHMENT 4

# United States of America

DEPARTMENT OF LABOR

OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION

## SUBPOENA DUCES TECUM

*To:*  Attn: Jesus Gonzalez and/or Erasmo Aguilar — custodian of records

Golden Eagle Ag Labor Contractors, LLC

199 Mud Creek Road

Lake Park, Georgia 31365

Pursuant to *Section 8(b) of the Occupational Safety and Health Act (29 U.S.C § 657(b))* you are hereby required to produce the following books, papers, diaries, logbooks and documents to Jose A. Gonzalez, Area Director, or (his/her) designated representative(s) *of the* OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, UNITED STATES DEPARTMENT OF LABOR, located at 450 Mall Blvd Suite J, Savannah, GA 31406 (gonzalez.jose@dol.gov) **at 8 o'clock AM on the 19th day of July 2022.**

1. A copy of all OSHA Forms 300, 300A, and 301 from January 1, 2019, to present.
2. A copy of the H-2A job application, job order, and any supporting documents Golden Eagle Ag Labor Contractors, LLC submitted to the Department of Labor or any other governmental agency in order to procure non-immigrant temporary H-2A workers since 2019.
3. Documents sufficient to show a list of all employees including information related to employee age, job title, dates of employment, who were employed between January 1, 2022, and June 24, 2022.
4. A copy of all worker's compensation claims filed by Golden Eagle Ag Labor Contractors, LLC employees since January 1, 2019.
5. Documents sufficient to show the daily work hours, including start and stop times, for employees tasked with harvesting the Hering Farms, Inc. fields.
6. A copy of documents showing the daily activities completed by Golden Eagle Ag Labor Contractors, LLC employees between January 1, 2022, and June 24, 2022, including but not limited to employee work schedules, crop and harvest schedules, and/or any other document showing tasks or duties Golden Eagle Ag Labor Contractors, LLC employees performed.

7. Documents sufficient to show all Golden Eagle Ag Labor Contractors, LLC employees (names, age, time of employment, job title) who have suffered any heat related illness including but not limited to heat exhaustion, heat stroke, dehydration, and/or kidney failure since January 1, 2019.

8. Documents sufficient to show all Golden Eagle Ag Labor Contractors, LLC employees (names, age, time of employment, job title) who have received medical treatment due to heat related illness since January 1, 2019, including but not limited to treatment for heat exhaustion, heat stroke, dehydration, and/or kidney failure.

9. Documents sufficient to show any medical, nursing, health, or first aid facility(ies) or staff onsite from January 1, 2019 to present, or any employees trained on first aid, and the location of the nearest emergency room where employees can be treated.

10. Documents sufficient to show Golden Eagle Ag Labor Contractors, LLC's safety and health policy and procedures. Please state if responsive documents do not exist.

11. Documents sufficient to show Golden Eagle Ag Labor Contractors, LLC's policy for employees working in high ambient heat conditions, including but not limited to safety and health policies pertaining to workers who work outdoors. Please state if responsive documents do not exist.

12. A copy of all employee training records regarding health and safety, to include but not limited to, heat illness prevention from 2019 to June 24, 2022. Training records include but are not limited to employee attendance sheets and copies of written training materials. Please state if responsive documents do not exist.

13. Documents sufficient to show a map of the field locations where Golden Eagle Ag Labor Contractors, LLC employees perform harvesting work, to include acreage, location (either address or GPS coordinates), and field layout to include tree line locations, water stations, and/or shade.

14. A copy of completed hazard evaluation sheets, safety and health reports for inspections, and/or checklists used by Golden Eagle Ag Labor Contractors, LLC supervisors, safety officers, managers, or any other employee to inspect and/or monitor weather on the inspected facility sites from January 1, 2022, and June 24, 2022. Please state if responsive documents do not exist.

15. A copy of completed job hazard assessments regarding heat illnesses conducted by Golden Eagle Ag Labor Contractors, LLC or Herring Farms, Inc. on or before June 24, 2022. Please state if responsive documents do not exist.

16. Documents sufficient to show responsibilities and duties of all Golden Eagle Ag Labor Contractors, LLC managers and supervisors, including but not limited to crew leaders.

17. Any and all policies, procedures, or rules drafted, created, imposed or implemented by Hering Farms, Inc. applicable to Golden Eagle Ag Labor Contractors, LLC or Golden Eagle Ag Labor Contractors, LLC's employees.

18. A copy of any contract or agreement, including any agreements or contracts regarding housing, between Golden Eagle Ag Labor Contractors, LLC and Hering Farms, Inc. between January 1, 2019, and present.

19. A copy of any contract or agreement between Golden Eagle Ag Labor Contractors, LLC and Hering Farms, Inc. for agricultural work performed between 2019 and 2022, and/or any other documentation showing a business relationship between Golden Eagle Ag Labor Contractors, LLC and Hering Farms, Inc. since January 1, 2019. Please state if responsive documents do not exist.

20. A copy of any and all correspondence including but limited to letters, emails, text messages, faxes, WhatsApp messages, or any message or communication on social media between Golden Eagle Ag Labor Contractors, LLC and Herring Farms, Inc. related to the hiring, firing, discipline, supervision, and direction of Golden Eagle Ag Labor Contractors, LLC employees.

21. A copy of any and all correspondence including but limited to letters, emails, text messages, faxes, WhatsApp messages, or any message or communication on social media between Golden Eagle Ag Labor Contractors, LLC and Herring Farms, Inc. related to the scheduling and performance of work.

22. A copy of any and all correspondence including but limited to letters, emails, text messages, faxes, WhatsApp messages, or any message or communication on social media between Golden Eagle Ag Labor Contractors, LLC and Golden Eagle Ag Labor Contractors, LLC employees related to heat, temperature, heat waves, and/or any other weather events.

# ATTACHMENT 5

**From:** Michael Broner <Michael.Broner@gdol.ga.gov>
**Sent:** Friday, July 1, 2022 3:19:39 PM
**To:** gelabor@outlook.com <gelabor@outlook.com>
**Cc:** Elise Green <egreen@agworksh2.com>; Felipe Pacheco <Felipe.Pacheco@gdol.ga.gov>; Michael Broner <Michael.Broner@gdol.ga.gov>
**Subject:** Discontinuation of Employment Services

Good afternoon Mr. Gonzales,
Please see attached Notification of Discontinuation of Employment Services.


Michael Broner
Workforce Solutions
404-232-7458
Michael.broner@gdol.ga.gov
*** GEORGIA DEPARTMENT OF LABOR ***
  ****** CONFIDENTIALITY NOTICE ******

This transmission may contain confidential information protected by state or federal law.
The information is intended only for use consistent with the state business discussed in this transmission.
If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action based on the contents is strictly prohibited.
If you have received this transmission in error, please delete this email and notify the sender immediately.
Your cooperation is appreciated.

# ATTACHMENT 6



# GEORGIA DEPARTMENT OF LABOR

148 ANDREW YOUNG INTERNATIONAL BLVD., N.E. ♦ ATLANTA, GEORGIA 30303-1781

MARK BUTLER
COMMISSIONER

June 30, 2022

Golden Eagle Ag Labor Contracting LLC
199 Mud Creek Road
Lakeland Georgia 31635

Dear Mr. Jesus Alberto Gonzales,

Pursuant to 20 CFR 658.501(c), and based upon information received from the USDOL Employment and Training Administration (ETA) and USDOL Wage and Hour Division (WHD), this letter serves as notification of that the Georgia Department of Labor's (GA DOL) will discontinue Employment Services to Golden Eagle Ag Labor Contracting, LLC, Jesus Alberto Gonzales, and Herring Farms, which have placed clearance orders through GA DOL's Employment Service connected to the H-2A visa program.

The GA DOL was notified by the USDOL Employment and Training Administration on June 27, 2022 of an investigation conducted by USDOL Wage and Hour and the Occupational Safety and Health Administration (OSHA), which included allegations of human trafficking, workers being threatened with bodily harm while attempting to leave the worksite, and workers who reported suffering from heat related stress.

20 CFR 655.121(a)(3) requires that clearance orders placed in connection with the H-2A visa program must satisfy the requirements for agricultural clearance orders in 20 CFR part 653, subpart F and the requirements set forth in 20 CFR 655.122. Under 20 CFR 653.501(c)(3)(iii), clearance orders must include employer assurance that working conditions comply with applicable Federal and State minimum wage, child labor, social security, health and safety, farm labor contractor registration, and other employment-related laws. GA DOL has received information that this assurance has not been met. Therefore, GA DOL intends to discontinue Employment Services under the following basis.

### 20 CFR 658.501(c)

If it comes to the attention of an ES office or a SWA that an employer participating in the ES may not have complied with the terms of its temporary labor certification, under, for example the H-2A and H-2B visa programs, SWA officials must engage in the procedures for discontinuation of services to employers pursuant to paragraphs (a)(1) through (8) of this section and simultaneously notify the Chicago National Processing Center (CNPC) of the alleged non-compliance for investigation and consideration of ineligibility pursuant to § 655.184 or § 655.73 of this chapter respectively for subsequent temporary labor certification.

An Equal Opportunity Employer/Program



## GEORGIA DEPARTMENT OF LABOR

148 ANDREW YOUNG INTERNATIONAL BLVD., N.E. ♦ ATLANTA, GEORGIA 30303-1781

MARK BUTLER
COMMISSIONER

All Employment Services provided to Golden Eagle Ag Labor Contracting, LLC, Jesus Alberto Gonzales, and Herring Farms will be terminated immediately.

If you wish to request a hearing, you must submit your request within twenty (20) working days in writing to:

Georgia Department of Labor
Agricultural Services
148 Andrew Young Int'l Blvd, Suite 450
Atlanta, Georgia 30303
Attn: Michael Broner

or email

*Agriculture_services@gdol.ga.gov*

Sincerely:

Christina Smith
Deputy Commissioner/Chief of Staff

An Equal Opportunity Employer/Program

# ATTACHMENT 7

**From:** admin@cmp.dol.gov <admin@cmp.dol.gov> on behalf of Foreign Labor Application Gateway
<flag@dol.gov>
**Sent:** Tuesday, July 5, 2022 8:37:44 AM
**To:** gelabor@outlook.com <gelabor@outlook.com>
**Subject:** Job Order JO-A-300-22181-325619 Denied

Subject: Job Order JO-A-300-22181-325619 Denied

Dear Employer/Atty/Agent,

Your Job Order JO-A-300-22181-325619 has been updated to the Denied SWA Decision status. You can
access your job order from the Cases table in FLAG.

Sincerely,

OFLC

# ATTACHMENT 8

**U.S. Department of Labor**        Occupational Safety and Health Administration
                                    Washington, D.C. 20210



July 14, 2022

Golden Eagle Ag Labor Contracting, LLC
199 Mudd Creek Road
Lake Park, Georgia  31636

Attention:    Jesus Gonzalez
              Owner

              Health Information-Medical Records Administrator/Manager/Custodian

The Occupational Safety and Health Administration (OSHA) needs to examine any and all
employee (permanent, temporary and/or contracted) exposure and medical records from January
1, 2021, to the present date, in the possession of Golden Eagle Ag Labor Contracting, LLC
(herein after "the employer"). The examination of this personally identifiable employee medical
information is in connection with OSHA's ongoing investigation of working conditions of the
employer, whose business address is listed above, and worksite address is listed as:

        30 4010.7 N, 8309 51.8 W
        Lake Park, Georgia  31636

Due to the personal privacy interests involved, OSHA exercises its authority to access, examine,
copy and analyze personally identifiable employee medical information, only after a careful
determination has been made that such access is consistent with the statutory purpose and is
necessary to achieve the objectives of the investigation. OSHA has determined that specific
Agency personnel need to gain access to the personally identifiable employee medical
information of the employer, in furtherance of this investigation. 29 U.S.C. 657; 29 CFR 1910.
1020(e)(3), 1913.10(d)(2).

In order to safeguard the employees' interest in the privacy of the medical records to be
examined and copied, OSHA has prescribed detailed rules of practice and procedure in 29 CFR
Part 1913 to govern OSHA's handling of personally identifiable employee medical information.
A Principal OSHA Investigator has been designated to be primarily responsible for assuring that
the examination and use of medical information obtained during this investigation, is in
accordance with applicable regulations. 29 CFR 1913.10(c)(3), (e), (f), (h)(1), (h)(2), (i), (j),
(m)(1).

The Principal OSHA Investigator is:

      Chad Martin
      Compliance Safety and Health Officer
      Savannah Area Office
      Occupational Safety and Health Administration
      U.S. Department of Labor
      450 Mall Boulevard, Suite J
      Savannah, Georgia   31406

      Telephone: (912) 652-4393

The Principal OSHA Investigator was issued a Medical Access Order (enclosed) on July 6, 2022, authorizing access, examination and copying of the employee medical records of the employer. The specified medical records which pertain to all individuals who are, or have been, employed (permanent, temporary and/or contracted) by the employer at the above identified worksite location since January 1, 2021, must in each instance, be accompanied by explicit personal identifiers (name, address, payroll number and/or social security number).

Please note that a copy of this letter and the enclosed Medical Access Order must be prominently posted at the above referenced place of employment for at least fifteen (15) working days. 29 CFR 1910.1020(e)(3)(ii), 1913.10(e)(3). Where it is agreed to by the Principal OSHA Investigator, the employer and Collective Bargaining Agent, if any, individual notice to employee or the placement of a copy of this Cover Letter and Medical Access Order in each employee's medical file may also be appropriate. 29 CFR 1913.10(e)(4).

OSHA's regulations further provide that the employer may file written objections concerning the Medical Access Order with the OSHA Medical Records Officer, who is responsible for assuring Agency compliance with these rules. 29 CFR 1913.10(f). However, the filing of written objections does not defer the employer's statutory obligation to provide prompt access by OSHA to the medical records. Ibid.

The OSHA Medical Records Officer is:

      Michael J. Hodgson, MD, MPH
      Chief Medical Officer and Director
      Office of Occupational Medicine and Nursing
      Occupational Safety and Health Administration
      U.S. Department of Labor
      200 Constitution Avenue, N.W., Room N3508 (N3653)
      Washington, D.C.   20210

      Telephone: (202) 693-1768

2

Please feel free to contact me or the Principal OSHA Investigator if you have questions regarding OSHA's access to the specified personally identifiable employee medical information.

Sincerely,

Jose Gonzalez
Acting Area Director
Savannah Area Office
Occupational Safety and Health Administration
U.S. Department of Labor
450 Mall Boulevard, Suite J
Savannah, Georgia   31406

Telephone: (912) 652-4393

Attachment:
        Medical Access Order

3